## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DANIEL SHAW and ) | |
| KIMBERLEY SHAW ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Case No. |
| ) | |
| DAVID S. BOAZ, M.D., ) | |
| SOUTH FORSYTH FAMILY MEDICINE ) | |
| AND PEDIATRICS, LLC, ) | |
| ALI MORTAZAVI, D.O. and ) | |
| RESURGENS, P.C. ) | |
| ) | |
| Defendants. ) | |

_____

## **COMPLAINT FOR DAMAGES**

COME NOW DANIEL SHAW and KIMBERLEY SHAW, Plaintiffs in the above styled-action, and state their claims against the Defendants, DAVID S. BOAZ, M.D., SOUTH FORSYTH FAMILY MEDICINE AND PEDIATRICS, LLC, ALI MORTAZAVI, D.O. and RESURGENS, P.C. as follows:

1

JURISDICTIONAL STATEMENT
(DIVERSITY)

1.

Plaintiff s Daniel Shaw and Kimberley Shaw are each citizens of the State of Alabama.  Defendant David S. Boaz, M.D. is a citizen of the State of Georgia. Defendant Ali Mortazavi, D.O. is a citizen of the State of Georgia.  Defendant Resurgens, P.C. is a corporation incorporated under the laws of the State of Georgia with its principal place of business in the State of Georgia.  Defendant South Forsyth Family Medicine and Pediatrics, LLC is a limited liability company owned by David S. Boaz, Giouzei Glodener and Mark Glodener,  each of whom is a citizen of the State of Georgia.  There is complete diversity between Plaintiffs and Defendants and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. sec. 1332.

PROCEDURAL STATEMENT

2.

Plaintiffs' claims against these Defendants were initially filed, within the applicable statute of limitation, in the State Court of Cobb County, Georgia, designated as Civil Action No. 15A928-7.  Plaintiffs voluntarily dismissed that action without prejudice on May 21, 2018 pursuant to OCGA 9-11-41(a).  After

satisfaction of the requirements set forth in O.C.G.A. 9-11-41(d) Plaintiffs filed this action re-stating their claims against the Defendants pursuant to O.C.G.A. 9-2-61(a).

## FACTUAL STATEMENT

3.

Defendant David S. Boaz, M.D. resides in Forsyth County, Georgia and is subject to the jurisdiction and venue of this honorable Court.

4.

Defendant South Forsyth Family Medicine and Pediatrics, LLC is a limited liability company with its principal place of business located in Fulton County, Georgia and is subject to the jurisdiction and venue of this honorable Court.

5.

Defendant Ali Mortazavi D.O. resides in Cobb County, Georgia and is subject to the jurisdiction and venue of this honorable Court.

6.

Defendant Resurgens, P.C. is a professional corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Fulton County, Georgia.  Said Defendant is subject to the jurisdiction and venue of this honorable Court.

7.

At all times relevant hereto Daniel Shaw and Kimberley Shaw were legally married and living together as husband and wife.

8.

At all times relevant hereto Defendant Boaz was a physician engaged in the practice of medicine in the State of Georgia, being duly licensed under the laws of said State.

9.

At all times relevant hereto Defendant Mortazavi was a physician engaged in the practice of medicine in the State of Georgia, being duly licensed under the laws of said State.

10.

On June 6, 2013 Daniel Shaw presented to Defendant Mortazavi, an orthopedic surgeon, complaining of progressing abdominal numbness, perineal numbness, bilateral leg numbness, weakness in the right leg and difficulty urinating.

11.

After evaluating Daniel Shaw Mortazavi listed among his impressions of Shaw's condition low back pain, perineal numbness and diminished sensation and difficulty urinating, bilateral lower extremities numbness.

12.

Mortazavi prescribed rehabilitation therapy and a change in Shaw's medication. He also ordered a lumbar MRI scan, scheduled for June 13, 2013. Mortazavi advised Shaw to return to his office on June 20, 2013 to discuss the MRI findings.

13.

On June 10, 2013 Shaw presented to Defendant Boaz, his primary care physician. Shaw told Boaz that his numbness was moving down his legs and into his feet, that he couldn't feel his legs causing him to fall, and that he was having difficulty urinating.

14.

Because of Shaw's worsening neurologic symptoms Boaz ordered that Shaw undergo a STAT MRI that day to rule out a cauda equina syndrome.

15.

On June 11, 2013 Boaz notified Daniel Shaw that the MRI findings were not consistent with a cauda equina syndrome. Boaz prescribed antibiotics and recommended that Mr. Shaw see an orthopedist and a urologist for possible urinary tract infection.

16.

Mr. Shaw communicated with Boaz's office again on June 14, June 16 and June 17, 2013 concerning paperwork. Despite these contacts Boaz never inquired as to Shaw's condition or whether he had seen an orthopedic doctor as Boaz had recommended.

17.

From June 10, 2013 until June 20, 2013 Shaw's neurologic symptoms gradually worsened to the point where he had difficulty walking.

18.

On June 20, 2013 Daniel Shaw again presented to Defendant Mortazavi, this time in a wheelchair due to his inability to walk. At this time Mortazavi had Shaw admitted to the hospital for neurological consultation where he was eventually diagnosed with an inflammatory condition of the spinal cord.

19.

Because of the length of time the inflammatory condition of the spinal cord existed without treatment, Mr. Shaw now suffers from severe neurologic deficits which have rendered him permanently disabled and requiring assistance in many activities of daily living.

COUNT ONE

20.

Plaintiffs hereby incorporate and adopt by reference paragraphs one through nineteen set forth above.

21.

Defendant Boaz had a duty to provide medical care to Plaintiff Daniel Shaw within the applicable standard of care when Daniel Shaw presented to his office on June 10, 2013.

22.

Boaz was negligent in that he deviated from the standard of care exercised by the medical profession generally under the same or similar circumstances in like surrounding conditions in his care and treatment of Daniel Shaw. Specifically, although Shaw presented with progressive and concerning neurologic symptoms, the cause of which was unanswered by the lumbar MRI scan, Boaz

failed to initiate an immediate and appropriate investigation of Shaw's continuing symptoms by hospitalization or transfer to a medical specialist.

23.

Boaz's standard of care deviations allowed the inflammatory process in Shaw's spine to continue without treatment until his hospitalization on June 20, 2013.  This delay in treatment allowed the inflammatory process to continue and ultimately cause permanent and irreversible neurologic injury.  The negligence of Boaz therefore proximately caused or contributed to Daniel Shaw's permanent injury and resulting disability.

24.

As a proximate result of Boaz's negligence Daniel Shaw has experienced and will continue to experience unnecessary mental and physical pain and suffering.  Boaz is liable to Plaintiff Shaw for his general compensatory damages.

25.

As a proximate result of Boaz's negligence Daniel Shaw has incurred medical and drug expenses exceeding $150,000.00 and continues to incur such expenses due to the permanent nature of his injuries.  Since June 2013 Shaw has incurred lost wages of $117,000.00 per year and will continue to incur such losses

in the future. Boaz is liable to Plaintiff Shaw for his special compensatory damages.

26.

As a proximate result of the negligence of Boaz, Plaintiff Kimberley Shaw has been and will continue to be deprived of the services, companionship and consortium of her husband, Daniel Shaw. Boaz is liable to Kimberley Shaw for such losses.

27.

At all times relevant hereto Boaz was an agent and employee of South Forsyth Family Medicine and Pediatrics, LLC, acting within the course and scope of his agency and employment. South Forsyth Family Medicine and Pediatrics, LLC is vicariously liable to the Plaintiffs for the negligence of Boaz.

COUNT TWO

28.

Plaintiffs hereby incorporate and adopt by reference paragraphs one through nineteen set forth above.

29.

Defendant Mortazavi had a duty to provide medical care to Daniel Shaw within the applicable standard of care when Daniel Shaw presented to his office on June 6, 2013.

30.

Mortazavi was negligent in that he deviated from the standard of care exercised by the medical profession generally under the same or similar circumstances in like surrounding conditions in his care and treatment of Daniel Shaw.  Specifically, he failed to obtain an adequate medical history from Shaw to determine the progressive nature of his neurological symptoms; he failed to perform an adequate physical examination to determine the status of rectal tone and perineal sensation; he failed to order an MRI scan that included the thoracic and cervical portions of Shaw's spine; and, he failed to immediately admit Shaw to the hospital to perform an adequate workup to determine the cause of the progressing neurologic symptoms.

31.

Mortazavi's standard of care deviations allowed the inflammatory process in Shaw's spine to continue without treatment until his hospitalization on June 20, 2013.  This delay in treatment allowed the inflammatory process to continue and

ultimately cause permanent and irreversible neurologic injury.  The negligence of Mortazavi therefore proximately caused or contributed to Daniel Shaw's permanent injury and resulting disability.

32.

As a proximate result of Mortazavi's negligence Daniel Shaw has experienced and will continue to experience unnecessary mental and physical pain and suffering.  Mortazavi is liable to Plaintiff Shaw for his general compensatory damages.

33.

As a proximate result of Mortazavi's negligence Daniel Shaw has incurred medical and drug expenses exceeding $150,000.00 and continues to incur such expenses due to the permanent nature of his injuries.  Since June 2013 Shaw has incurred lost wages of $117,000.00 per year and will continue to incur such losses in the future.  Mortazavi is liable to Plaintiff Shaw for his special compensatory damages.

34.

As a proximate result of the negligence of Mortazavi, Plaintiff Kimberley Shaw has been and will continue to be deprived of the services, companionship

and consortium of her husband, Daniel Shaw.  Mortzavi is liable to Kimberley Shaw for such losses.

35.

At all times relevant hereto Mortazavi was an agent and employee of Resurgens, P.C., acting within the course and scope of his agency and employment.  Resurgens, P.C. is vicariously liable to the Plaintiffs for the negligence of Mortazavi.

WHEREFORE,

Plaintiff Daniel Shaw demands judgment against each Defendant for a sum in excess of $75,000.00, together with the costs of this action and such other relief as may be just and proper;

Plaintiff Kimberley Shaw demands judgment against each Defendant for a sum in excess of $75,000.00, together with the costs of this action and such other relief as may be just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

This 24th day of May, 2018.

*/s/ James O. Wilson, Jr.*
Georgia Bar Number 768550
Attorney for Plaintiffs
351 Washington Ave., Suite 110
Marietta, GA  30060
Telephone: 770-427-2476
Facsimile:   770-428-0730
jwilson@wilsonlawatlanta.com

*/s/ Lawrence B. Schlachter*
Georgia Bar Number 001353
Attorney for Plaintiffs
Schlachter Law Firm
602 Macy Drive
Roswell, GA  30076
Telephone:  404-552-8362
Facsimile:   404-506-9581
larry@schlachterlaw.com