IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANIEL SHAW and | ) | |
| KIMBERLEY SHAW | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 1:18-cv-02708 |
| | ) | |
| DAVID S. BOAZ, M.D., | ) | |
| SOUTH FORSYTH FAMILY MEDICINE | ) | |
| AND PEDIATRICS, LLC | ) | |
| ALI MORTAZAVI, D.O. and | ) | |
| RESURGENS, P.C. | ) | |
| | ) | |
| Defendants. | ) | |

_____

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' EXPERT MICHAEL LEVY, M.D.

COME NOW, Defendants David S. Boaz, M.D., South Fulton Forsyth Family Medicine and Pediatrics, LLC, Ali Mortazavi, D.O., and Resurgens, P.C. (hereinafter referred to as "Defendants"), and pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 26.2(C), respectfully submit this Motion to Exclude from trial all testimony of Plaintiffs' expert, Michael Levy, M.D. ("Dr. Levy"), showing this Court as follows:

**INTRODUCTION**

This motion arises out of Plaintiffs' blatant disregard for this Court's scheduling orders and the clear disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 26.2.  On May 15, 2019, only three weeks before this case was set to begin trial, Plaintiffs disclosed material changes to the opinions of their causation expert, Dr. Michael Levy.  The identification of Dr. Levy's new opinions occurred long after the deadlines for disclosure and the submission of the pretrial order in this case. This inexcusable and untimely disclosure of material opinions in this case has had the effect of blindsiding Defendants, who have mere days until trial to examine and rebut these – not so new – 'newfound opinions.'

In an effort to determine the scope of Dr. Levy's new opinions and when he formulated such opinions, Defendants took a supplemental discovery deposition of Dr. Levy on May 28, 2019. At that time, the Defendants learned that Dr. Levy's opinions had a broad effect on his overall testimony, that he formulated his new opinions much earlier than May 15, 2019, and that – shockingly – he had personally examined Mr. Shaw in December 2017.  He testified that his opinions are based in part on his own exam findings.  This exam was never disclosed to the Defendants.

2

Dr. Levy prepared a treatment note for Mr. Shaw in December 2017, but that note was also never provided to Defendants in violation of the Court's discovery and disclosure rules.  This information, which has been known to Plaintiffs for more than a year, is extraordinarily prejudicial and the only remedy is exclusion of Dr. Levy as a witness.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."  *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).  Rule 37 of the Federal Rules of Civil Procedure allows the Court to exclude testimony of a witness as a sanction for a Rule 26 violation. For these reasons, which will be described in detail below, Defendants' Motion to Exclude should be granted and Dr. Levy should be excluded from testifying at trial in this case.

**RELEVANT PROCEDURAL FACTS[1]**

This is a medical malpractice action that arises out of medical care that was provided by the Defendants to Daniel Shaw in June of 2013. (*See generally*,

---

[1] The Defendants apologize for not providing details citations to the record in this motion, but wanted to file this motion as soon as possible given the urgency of the issues and the pending trial of this matter. The Defendants are submitting a copy of the entire rough draft of Dr. Levy's supplemental deposition with this Motion, which should prove instructive to the Court.

Complaint.)  The Original Complaint was filed in the State Court of Cobb County (CAFN: 15A928-7) on April 24, 2015, and the Parties engaged in extensive discovery.  On September 25, 2017, Defendants conducted the deposition of Plaintiffs' causation expert, Dr. Michael Levy, a neurologist at Johns Hopkins. At the time of the deposition, Dr. Levy only recalled reviewing medical records and radiological imaging from before August 2013. Based on this review, he was of the opinion that Plaintiff Daniel Shaw's condition was the result of idiopathic transverse myelitis but acknowledged that there was also a "possibility that he has neurosarcoidosis."

Subsequently, on January 4, 2018, Dr. Thomas Scott, causation expert for Defendants Dr. Mortazavi and Resurgens, was deposed in Pittsburgh, Pennsylvania. On February 26, 2018, Dr. Barney Stern, causation expert for Defendants South Fulton Forsyth Family Medicine and Pediatrics and Dr. Boaz, was deposed in Baltimore, Maryland.  Both Drs. Scott and Stern testified that they believed Mr. Shaw has neurosarcoidosis as opposed to idiopathic transverse myelitis.[2]

After completing discovery, Plaintiffs voluntarily dismissed the State Court of Cobb County action on May 21, 2018.  Plaintiffs then refiled the instant action in

---

[2] It should also be noted that all experts in this case agreed that neurosarcoidosis and idiopathic transverse myelitis are distinct disease processes that require different long-term treatment.

4

the Northern District of Georgia on June 1, 2018.  When the action was refiled, all Parties agreed that formal expert disclosures were not warranted as the depositions of the experts contained the entirety of their opinions.  The Parties also agreed to adopt the discovery from the State Court Action and Plaintiffs have provided Defendants with additional medical records, but not those from Dr. Levy.  The Parties filed their Joint Preliminary Report and Discovery Plan on July 12, 2018, which set forth a four-month discovery track that expired on November 22, 2018. (*See* Joint Preliminary Report and Discovery Plan.)  Following the expiration of the discovery period, the Parties filed their Consolodated Pre-Trial Order on December 21, 2018 and the case was set for trial beginning June 5, 2019.

Then, on May 15, 2019 over four years after the filing of the Original Complaint and almost six years after the medical care at issue, the attorneys for Defendants received an email from Plaintiffs' counsel James Wilson stating that their causation expert had a "new "opinion in this case. (*See*, May 15, 2019 email from James Wilson to David Mackenzie, attached hereto as Exhibit A.)  Plaintiffs' counsel explained that following a review of medical records and scans generated after his deposition was taken, Dr. Levy was now of the opinion that Mr. Shaw's myelitis is the result of neurosarcoidosis. *Id*. There was no mention at this time of Dr. Levy's December 2017 examination of Mr. Shaw.

Following this development, Defendants agreed to re-depose Dr. Levy on May 28, 2019.  Prior to Dr. Levy's supplemental deposition, Plaintiffs' counsel confirmed again in writing that Dr. Levy's opinions were limited to and were based on review of new MRIs and did not mention any exam. *(See,* May 22, 2019 email from James Wilson, attached hereto as Exhibit B.)   During his supplemental deposition, Dr. Levy testified that his new opinion was based on his review of several MRIs from about a year-and-a-half period **as well as well as a physical exam of Mr. Shaw**.  (*See*, Rough Draft of Supp. Dep. of Dr. Levy, attached hereto as Exhibit C, p. 6.) However, Dr. Levy could not remember what year-and-a-half period the MRI films were from and could recall very little from his clinical examination of Mr. Shaw.  *Id.*, at pp. 10-11.  Moreover, Dr. Levy did not bring any of the requested materials to his deposition and brought no records relating to Mr. Shaw. Importantly, Dr. Levy's supplemental deposition occurred less than one day prior to the evidentiary deposition of Defendants' causation expert Dr. Thomas Scott. As such, Dr. Scott did not have any opportunity to review Dr. Levy's new testimony, or the basis of his opinions; i.e., the series of MRI films and his treatment note. This is undoubtedly prejudicial to the Defendants.

On May 29, 2019, mere hours before Dr. Scott's evidentiary deposition, Plaintiffs provided Defendants with Dr. Levy's office note which revealed that Dr.

Levy examined Mr. Shaw on December 1, 2017. (*See*, Dr. Levy Office Note, attached hereto as Exhibit D.) Significantly, Dr. Levy's office note states that he believed that "Mr. Shaw's myelitis is most likely due to neurosarcoidosis." *Id*.

Despite having this information for a year and a half, Plaintiffs did not disclose Dr. Levy as a treating provider, did not produce his clinic note, and did not identify that his opinion had changed from possible to probable neurosarcoidosis in their Initial Disclosures or in the Consolidated Pre-Trial Order.

Because Dr. Levy cannot separate his treatment of the Plaintiff from his overall opinions in this case – and because he relied on his exam of the patient in the formation of his ultimate opinions – his testimony in its entirety has been corrupted and must be excluded. (*See*, Rough Draft of Supp. Dep. of Dr. Levy.)  Defendants are also prejudiced because they have not had an opportunity to fully explore and move to exclude Dr. Levy's new opinions regarding his causation theory. Dr. Levy has never published or spoken on neurosarcoidosis and Defendants believe they would have had a strong argument to exclude or limit his opinions if they had been timely disclosed.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Rule 37 of the Federal Rules of Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added).  Further, initial expert reports must disclose "a *complete statement of all opinions* the witness will express and the basis and reasons for them." *STS Software Sys., Ltd. v. Witness Sys., Inc.*, No. 1:04-CV-2111, 2008 WL 660325, at *2 (N.D. Ga. Mar. 6, 2008) (quoting Fed. R. Civ. P. 26(a)(2). (emphasis added).  "[A]ny schedule for expert disclosures adopted by the Court controls their timing and sequence." *Schablonentechnik v. MacDermid Graphic Arts, Inc.*, 2005 WL 5974438, *2 (N.D. Ga. 2005) (granting motion to exclude expert reports).  Rule 26(e)(2) expressly extends a party's duty to supplement both information included in the expert's initial report and information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2).  Further, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due" – in this case the schedule set by the Court in the Consolidated Pre-Trial Order. Local Rules 26.1 and 26.2 have similar stringent disclosure and supplementation requirements.

It is undisputed that the information supplemented by Plaintiffs on May 15, 2019 falls under the purview of Rule 26(e).  Therefore, to avoid exclusion, Plaintiffs must show that their failure to disclose such information was harmless or justified.

Fed. R. Civ. P. 37(c)(1). This simply cannot be done here. Despite knowing Dr. Levy's new opinions and the fact that those opinions were based in part on his exam of the Plaintiff in December 2017, Plaintiffs did not disclose this information until the eve of trial. Plaintiffs did not provide a written supplementation of opinions, as required by the rules. Nor did they fully disclose the nature, scope, and basis of Dr. Levy's opinions. If Dr. Levy had disclosed his treatment of Mr. Shaw at trial, the Defendants would have moved for a mistrial.

### A. Plaintiffs' Failure to Disclose Dr. Levy's New Opinions and the Basis for His Opinions is Not Harmless.

Plaintiffs' late disclosure was incredibly prejudicial to Defendants. Not only did this information get dropped on Defendants mere weeks before trial, but Defendants were not able to fully question Dr. Levy about these 'newfound' opinions during his supplemental deposition. This is because Dr. Levy did not bring any materials related to Mr. Shaw to his supplemental deposition and had no independent memory of what 'new' MRIs he relied on to alter his opinion, and had an extremely limited recollection of his physical examination of the Plaintiff. (*See* Rough Draft of Supp. Dep. of Dr. Levy, pp. 10-11, 20, 25-26.) As Dr. Levy could provide little information about the bases for his altered opinion, when Defendants' expert Dr. Scott provided his trial testimony less than one day later, he did not have the benefit of reviewing the 'new' information relied on by Dr. Levy and was wholly

hamstrung in his ability to rebut the new testimony.  It is entirely prejudicial for Defendants' experts to only have days to review information that Dr. Levy and Plaintiffs have had to review for years.

Of significance, the fact that Dr. Levy personally examined and treated the Plaintiff, is in and of itself prejudicial to the Defense.  Plaintiffs' failure to identify Dr. Levy as a treating provider and the failure to disclose his office note in the Initial Disclosures and Consolidated Pre-Trial Order when this information had been known to Plaintiffs since December 2017 is a separate, egregious, discovery violation.  The fact that Dr. Levy is now a treating physician is increasingly prejudicial to Defendants as there is a danger that the jury will place more weight on his testimony.  Dr. Levy made clear that his overall opinions were a direct result of his examination of the patient and thus he cannot separate the exam from his ultimate opinion in this case.  As there is simply no way to separate Dr. Levy's opinions and treatment, his prior deposition testimony is no longer accurate and his testimony in its entirety must be excluded.

**B. Plaintiffs' Failure to Disclose is Not Substantially Justified.**

Of course, Plaintiffs can provide **no** reasonable justification for this prejudicial and untimely disclosure.  On December 1, 2017, at the very latest, Plaintiffs knew that Dr. Levy's opinion changed from the Plaintiff's myelitis being

most likely due to idiopathic transverse myelitis to "most likely due to neurosarcoidosis." (*See*, Exhibit D.)  Dr. Levy's new opinion was not disclosed to Defendants until May 15, 2019. (*See* Exhibit A.) Moreover, Plaintiffs have had, or have known, of the existence of Dr. Levy's office note since December 1, 2017 and completely failed to disclose this to Defendants at any time. Instead, Defendants only became aware of Dr. Levy's exam of the Plaintiff through his deposition testimony—one week before trial.

The events giving rise to this lawsuit occurred in June 2013.  It is now 2019 and Defendants are finally going to be able to move on from this stressful chapter of their lives.  Plaintiffs' egregious violation of this Court's schedule and the Federal Rules of Civil Procedure should not further punish Defendants and prolong the conclusion of this case.  Defendants request that this Court avoid delaying the trial of this case any further and exclude Dr. Levy's testimony from trial beginning June 5th.

Rule 37 makes clear that exclusion is a proper remedy for a discovery violation.  Courts have emphasized that "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266 (11th Cir. 2008).  The unjustified violation

at issue is the epitome of a surprise that will prejudice Defendants' adequate preparation for trial and is simply not a case where there was any justification for the delay in disclosure of crucial information. *See, e.g., Hines v. Dean*, No. Civ.A. 1:02CV3390-MH, 2005 U.S. Dist. LEXIS 44792, 2005 WL 589803, at *3 (N.D. Ga. Mar. 10, 2005) (waiting until the last day of an eighteen month discovery period to disclose expert information was held to be justified because the testimony only became necessary in the final weeks of the discovery period). Because this is a violation for which exclusion is the only effective remedy, Defendants request that this Court exclude from trial all testimony of Dr. Levy.

<u>**CONCLUSION**</u>

Plaintiffs have made an egregious Rule 26(e) discovery violation that was neither harmless nor substantially justified. Accordingly, Defendants are entitled under Rule 37 and the Local Rules to an Order prohibiting Dr. Levy from testifying at trial. Therefore, and for all of the reasons described in detail above, Defendants' Motion to Exclude the testimony of Dr. Levy should be GRANTED.

This 30th day of May, 2019.

WEATHINGTON MCGREW, LLC

*/s/ Jessica T. Holland*
Paul E. Weathington
Georgia Bar No. 743120

Jessica T. Holland
Georgia Bar No. 167209

191 Peachtree St., NE          *Attorneys for Defendants Ali Mortazavi,*
Suite 3900                     *D.O. and Resurgens, P.C.*
Atlanta, Georgia 30303
Phone: 404-524-1600
Fax: 404-524-1610

HUFF POWELL BAILEY, LLC

*/s/ David D. Mackenzie*
Daniel J. Huff
Georgia Bar No. 374860
David D. Mackenzie
Georgia Bar No. 796972

999 Peachtree St.             *Attorneys for Defendants David Boaz, M.D.*
Suite 950                     *and South Forsyth Family Medicine and*
Atlanta, Georgia 30309        *Pediatrics, LLC*
Phone: 404-892-4022
Fax: 404-892-4033

13

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing pleading upon all counsel of record via efile and by mailing a copy of same to said counsel at their last known address as follows:

James O. Wilson, Jr.
P.O. Box 667
Marietta, Georgia 30061
Lawrence B. Schlachter
Schlachter Law Firm
602 Macy Drive
Roswell, Georgia 30076

Darren Summerville
Angela R. Fox
Maxwell K. Thelen
The Summerville Firm, LLC
1226 Ponce de Leon Ave., NE
Atlanta, Georgia 30306

Daniel J. Huff
David D. Mackenzie
Huff, Powell & Bailey, LLC
999 Peachtree Street
Suite 950
Atlanta, Georgia 30309

This 30th day of May, 2019.

*/s/ Jessica T. Holland*
Jessica T. Holland
Georgia Bar No. 167209